PONDER, Judge.
Plaintiff appealed from the judgment denying recovery in this medical malpractice case.
The sole issue is the correctness of that judgment.
We affirm.
Plaintiff suffered from a kidney stone. His regular physician called in defendant, a specialist in urology, who performed a cys-toscopic procedure to remove the stone.
After surgery, defendant saw plaintiff once to check on his recovery, and then left him under the care of his general practitioner.
Plaintiff began suffering severe pain and swelling in the abdomen. After his doctor tried unsuccessfully to reach defendant, she called in another urologist. When it was determined there was a tear in the ureter, emergency surgery was performed. Still another operation was needed two months later, but plaintiff had completely recovered at time of trial.
Plaintiff’s suit for malpractice claimed that the cystoscopy was negligently performed; that defendant negligently perforated the ureter; that defendant was negligent in the procedures he followed post surgery; and that defendant did not fully inform plaintiff of all the complications involved in a cystoscopic procedure.
There was no evidence that the surgery was negligently performed or that the ureter was negligently perforated. The only urologist other than defendant who testified was Dr. Leonard who performed the second and subsequent surgeries on plaintiff. Neither doctor could say definitely that it was defendant who perforated the ureter. Both said it was possible the stone itself was the cause of the tear. Both agreed that perforation of the ureter is not uncommon in a cystoscopic procedure, happening about 10% of the time and normally not serious.
Even plaintiff’s expert, Dr. Leonard, testified that because it was not possible for an operating specialist from another city to keep a close postoperative watch on the patient, it was common practice for the general practitioner who had called in the specialist to be left in charge. We find no negligence.
There was no evidence that defendant’s failure to warn plaintiff of a possible tear in the ureter was negligent. Both doctors stated they told their patients that there were risks involved in such an operation but that the risks of other procedures were greater. Defendant stated he told plaintiff that there were risks but that plaintiff never inquired further concerning them.
We can find no manifest error in the decision of the trial court. Therefore, the judgment is affirmed at appellant’s costs.
AFFIRMED.